*144 MEMORANDUM***
Dorothy Anne Brown appeals the district court’s Rule 12(b)(6) dismissal of her lawsuit against Hartford Underwriters Insurance Company, her homeowners’ insurance carrier, for failure to state a claim upon which relief could be granted. The district court found that Hartford had no duty to defend or indemnify Brown in a bankruptcy adversary proceeding seeking the return of estate property allegedly illegally transferred to her, because the action was not a covered suit for damages under the terms of Brown’s policy. We agree.
On appeal, Brown insists she should have been defended for a covered “occurrence.” Her homeowners’ insurance policy provides personal liability coverage “[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies.” [1] Like the district court, we find that Brown failed to meet her “burden of showing that there has been an ‘occurrence’ within the terms of the policy” and otherwise “to bring the claim within the basic scope of coverage.” Waller v. Truck Ins. Exch., Inc., 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 625-26 (1995). The bankruptcy trustee’s action alleged an illegal transfer to Brown from the bankruptcy estate; it did not allege either bodily injury or property damage, the types of liabilities covered by the policy. At the time of tender, Brown failed to inform Hartford of any additional facts that might have raised the possibility of coverage, and accordingly Hartford was under no duty to defend Brown in the trustee’s suit. See Upper Deck Co. v. Fed. Ins. Co., 358 F.3d 608, 615-16 (9th Cir.2004) (“The plaintiffs in the underlying suit do not allege the type of damages covered by the policy. To support a finding of potential liability, the plaintiffs would have to allege new facts of [property damage]. Mere speculation that the plaintiffs could or will allege such facts does not give rise to a duty to defend.”); Hurley Constr. Co. v. State Farm Fire & Cas. Co., 10 Cal.App.4th 533, 12 Cal. Rptr.2d 629 (1992) (affirming summary judgment to insurer because third party action alleged no facts indicating a potential for coverage; there was no accidental “occurrence” within the plain meaning of the policy).
In addition, the suit sought restitution of property in Brown’s possession to the bankruptcy estate; it did not seek “damages” as a result of Brown’s conduct. Accordingly, Hartford did not breach its contract to defend or indemnify Brown in covered suits for damages, and summary judgment to Hartford is appropriate. See Republic Western Ins. Co. v. Spierer, Woodward, Willens, Denis & Furstman, 68 F.3d 347, 352 (9th Cir.1995) (“Restitutionary payments ... are not ‘damages.’ ”); Bank of the West v. Superior Court, 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 833 P.2d 545, 553 (1992) (“It is well established that one may not insure against the risk of being ordered to return money or property that has been wrongfully acquired. Such orders do not award ‘damages’ as the term is used in insurance policies.”); see also Certain Underwriters at Lloyd’s of London v. Superior Court, 24 *145 Cal.4th 945, 103 Cal.Rptr.2d 672, 16 P.3d 94, 102 (2001) (“[W]here there is no duty to defend, there cannot be a duty to indemnify.”).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

. An "occurrence” is "an accident” during the policy period that results in either "bodily injury” or "property damage.” If such a covered claim is made or suit is brought against an insured, Hartford will "pay up to our limit of liability for the damages which the insured is legally liable” and “provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.”